**UNITED STATES of America,
Appellee,**

v.

**Francisco ILLARRAMENDI,
Defendant–Appellant.**

No. 15–526.

United States Court of Appeals,
Second Circuit.

March 15, 2016.

Ryan Thomas Truskoski, Harwinton, CT, for Defendant–Appellant.

Richard J. Schechter, Marc H. Silverman, for Michael Gustafson, Acting United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: PIERRE N. LEVAL, RICHARD C. WESLEY, Circuit Judges, and BRENDA K. SANNES,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Francisco Illarramendi ("Illarramendi") challenges the substantive and procedural reasonableness of the sentence that he received after pleading guilty to five felony offenses in connection with his involvement of a fraudulent Ponzi scheme that caused numerous victims to lose hundreds of millions of dollars. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Appellate review of a challenged sentence is limited to "reasonableness." *United States v. Booker,* 543 U.S. 220, 261–64, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This standard applies to both the "the sentence itself" and to "the procedures employed in arriving at the sentence." *United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir.2008). We reverse a district court's sentencing determination for substantive reasonableness "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (en banc).

At sentencing, the District Court found three pieces of evidence that pointed toward a loss amount in excess of $200 million. *First,* a court-appointed Receiver

* The Honorable Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

from a parallel SEC action calculated the victims' losses at more than $380 million. *Second,* during sworn testimony in the SEC action, Illarramendi confirmed a loss estimate exceeding $300 million. *Third,* during the underlying SEC investigation, Illarramendi created a fictitious asset verification letter that falsely represented that one of his funds had at least $275 million in credits.

Despite this evidence, the District Court cautiously determined that it was difficult to determine the amount of investor loss. Instead, the District Court relied on Illarramendi's gains from his fraudulent scheme, which totaled over $20 million, to calculate a Guidelines range of 188–235 months' imprisonment. The District Court then chose, as authorized in such instances by U.S.S.G. § 2B1.1 cmt 3(B), to impose what was effectively a below-Guidelines sentence of 156 months' imprisonment.

We have considered Illarramendi's remaining arguments and find them to be without merit. Nothing about the District Court's sentencing determination was either procedurally or substantively unreasonable. Accordingly, we AFFIRM.