15-4160
*United States v. Illarramendi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> > v.                                        No. 15-4160

FRANCISCO ILLARRAMENDI,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                    Ryan Thomas Truskoski, Harwinton, CT.

FOR APPELLEE:                     John T. Pierpont, Jr. (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Michael J. Gustafson, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 11, 2015 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Francisco Illarramendi appeals from the order of restitution imposed by the District Court in the amount of $370,482,716.54. The order followed Illarramendi's guilty plea to five felony offenses in connection with his involvement in a Ponzi scheme that caused numerous victims to lose hundreds of millions of dollars. *See United States v. Illarramendi*, 642 F. App'x 64, 64-65 (2d Cir. 2016). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

The parties dispute whether we should review the restitution order for abuse of discretion or plain error; because we find the order proper under either standard, we need not resolve the issue. *See United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006) (noting that we typically review restitution orders for abuse of discretion). Illarramendi's restitution order was imposed pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA" or the "Act"), 18 U.S.C. § 3663A. The MVRA provides in relevant part that a sentencing court "shall order, in addition to . . . any other penalty authorized by law," defendants convicted of specified crimes to "make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1) and (c)(1). The MVRA also states that the Act "shall not apply . . . if the court finds, from facts on the record, that . . . determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3).

Relying on this provision, Illarramendi contends that the District Court abused its discretion by entering the restitution order because, at the time of sentencing (well in advance of the challenged order's entry), the court acknowledged that the loss amount

2

calculations would be extremely complicated. In light of that observation, the District Court determined the Guidelines offense level based not on the victims' losses but instead on the amount of Illarramendi's gain. Illarramendi argues that the court then unnecessarily extended the proceedings by ten and a half months to afford the time needed to calculate and impose restitution. In *United States v. Gushlak*, 728 F.3d 184 (2d Cir. 2013), we held that an eighteen-month delay between sentencing and the entry of an MVRA restitution order did not constitute an abuse of the district court's discretion, commenting that the MVRA "plainly does not require the district court to surrender whenever one or more complex issues of causation or loss calculation appear." 728 F.3d at 188, 192. In the case before us, we find no unreasonable delay in the District Court's restitution procedures.

* * *

We have considered Illarramendi's remaining arguments on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3