17-53-cv
*SEC v. Illarramendi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand seventeen.

PRESENT:
  PIERRE N. LEVAL,
  DEBRA ANN LIVINGSTON,
  DENNY CHIN,
      *Circuit Judges.*

_____

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

          *Plaintiff*,

FRACTAL FUND MANAGEMENT, LTD., FRACTAL P HOLDING, LTD., ROWBERROW TRADING CORP.,

          *Intervenor-Plaintiffs*,

          v.                                                            17-53-cv

MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, MKEI SOLAR, LP, HIGHVIEW POINT PARTNERS, LLC, HIGHVIEW POINT LP, HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT MASTER FUND, LTD.,

          *Defendants-Appellees*,

JOHN J. CARNEY, ESQ.,

                    *Receiver-Appellee*,

        v.

FRANCISCO ILLARRAMENDI,

                    *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | FRANCISCO ILLARRAMENDI, proceeding *pro se*, Fairton, New Jersey. |
| For Defendants-Appellees and Receiver-Appellee: | JONATHAN B. NEW (Amy E. Vanderwal, *on the brief*), Baker & Hostetler LLP, New York, New York. |

Appeal from an order of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Francisco Illarramendi, proceeding *pro se*, appeals from the district court's December 9, 2016 order (the "Fourth Distribution Order") authorizing a court-appointed receiver, Receiver-Appellee John J. Carney, Esq. (the "Receiver"), to distribute $5,800,000 of assets recovered from receivership entities to holders of allowed claims, and overruling Illarramendi's objection to the distribution based on his lack of standing. A receivership was established to manage Illarramendi's and his companies' assets during the United States Securities and Exchange Commission's ("SEC") action against them for violations of Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 and Rule

2

206(4)-8 thereunder.  The district court approved the Receiver's distribution plan, and three distributions pursuant to the distribution plan have already occurred, all without objection from Illarramendi.  The district court has since entered judgment in favor of the SEC in the underlying civil action.  In a parallel criminal action, Illarramendi pleaded guilty to five felony offenses in connection with his involvement in a five-year-long Ponzi scheme that resulted in hundreds of millions of dollars of losses.  *See United States v. Illarramendi*, 677 F. App'x 30 (2d Cir. 2017) (summary order); *United States v. Illarramendi*, 642 F. App'x 64 (2d Cir. 2016) (summary order); *see also S.E.C. v. Michael Kenwood Capital Mgmt., LLC*, 630 F. App'x 89, 90 (2d Cir. 2015) (summary order).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's determination that a party lacks standing.  *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014).  To have Article III standing, a party must show (1) that he "ha[s] suffered or [is] imminently threatened with a concrete and particularized 'injury in fact'" (2) that is "fairly traceable to the challenged action of the defendant" and (3) that is "likely to be redressed by a favorable judicial decision."  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Illarramendi, despite not objecting to the Receiver's distribution plan or the first three distributions pursuant to the distribution plan, belatedly raises a series of unmeritorious arguments that he now has standing to object to the Fourth Distribution Order.  First, to show an "actual injury," Illarramendi contends that his term of imprisonment was based on the Receiver's loss calculation (which was equivalent to the allowed claims).  However, the

3

sentencing court did not enhance Illarramendi's term of imprisonment based on the Receiver's evidence of victims' losses, but rather on Illarramendi's fraudulent gains from the Ponzi scheme. *See Illarramendi*, 642 F. App'x at 64–65. And Illarramendi's term of imprisonment is not traceable to the Fourth Distribution Order because there is no nexus between the distribution and his term of imprisonment. *See Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013). Accordingly, Illarramendi's invocation of the Receiver's loss calculation at sentencing fails to confer standing to challenge the Fourth Distribution Order.

Illarramendi also asserts that the restitution order in his criminal case is an actual injury conferring standing. Although the restitution order is arguably traceable to the Receiver's distribution plan because the sentencing court relied on the Receiver's loss estimates to determine the amount of restitution, denying the Fourth Distribution Order would not affect the amount of restitution. Thus, this injury fails to satisfy Article III's redressability requirement. *See Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 96 (2d Cir. 2017). The proper vehicle for Illarramendi to challenge the restitution order in the criminal case was to appeal; he did, and we affirmed. *See Illarramendi*, 677 F. App'x at 30–31. We thus reject Illarramendi's claim involving the restitution order in his criminal case.

Illarramendi also contends that the Fourth Distribution Order should be denied so that certain funds could be used to pay other claimants who were paid only 92 percent of their allowed claims. But this argument also cannot succeed because Illarramendi lacks standing to assert claims on behalf of other claimants. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016); *see also Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 167 (1965).

4

We have considered all of Illarramendi's remaining arguments and find them to be without merit. We need not reach a conclusion whether Illarramendi in fact lacks Article Ill standing. It suffices to affirm the district court's dismissal of his claims to rule that he has not shown facts that would entitle him to the relief he seeks. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk