17-1506 (L), 17-1893 (Con), 17-2551 (Con)
SEC v. Illarramendi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
                REENA RAGGI,
                DEBRA ANN LIVINGSTON,
                                *Circuit Judges.*

_____

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

                        *Plaintiff-Appellee*,

FRACTAL FUND MANAGEMENT, LTD., FRACTAL P HOLDING, LTD., ROWBERROW TRADING CORP.,

                        *Intervenors-Plaintiffs*,

             v.

FRANCISCO ILLARRAMENDI,

                        *Defendant-Appellant*,

             v.

MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, MKEI SOLAR,

No. 17-1506-cv (L),
No. 17-1893-cv (CON),
No. 17-2551-cv (CON)

LP, HIGHVIEW POINT PARTNERS, LLC, HIGHVIEW POINT LP, HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT MASTER FUND, LTD.,

          *Defendants*,

JOHN J. CARNEY, ESQ.,

        *Receiver-Appellee*.

---

FOR DEFENDANT-APPELLANT:  Francisco Illarramendi, *pro se*, Fairton, New Jersey.

FOR PLAINTIFF-APPELLEE:  Robert B. Stebbins, General Counsel, John W. Avery, Deputy Solicitor, Sarah R. Prins, Senior Attorney, Securities and Exchange Commission, Washington, D.C.

FOR RECEIVER-APPELLEE:  Jonathan B. New, Amy E. Vanderwal, Baker & Hostetler LLP, New York, New York.

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 24, 2017, is AFFIRMED as modified, and the order entered on July 20, 2017, is AFFIRMED.

Defendant Francisco Illarramendi, proceeding *pro se*, appeals from an award of summary judgment in favor of the United States Securities and Exchange Commission ("SEC") and an order denying his motion to modify a temporary restraining order ("TRO") freezing his assets. In this enforcement action, the SEC charged Illarramendi with violations of Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), *see* 15 U.S.C. § 80b-6(1), (2), (4), and Rule 206(4)-8 thereunder, for

running a five-year-long Ponzi scheme that caused hundreds of millions of dollars of losses to investors. After a TRO hearing at which Illarramendi testified, the district court granted the SEC's motion to freeze his assets as well as those of several financial advising entities run by Illarramendi, and appointed a receiver ("Receiver") to handle claims against the frozen assets. Meanwhile, Illarramendi was criminally prosecuted for five felony offenses, including a violation of Section 206 of the Advisers Act. He pleaded guilty to all counts, and later appealed only his sentence, which this court summarily affirmed. *See United States v. Illarramendi*, 677 F. App'x 30 (2d Cir. 2017); *United States v. Illarramendi*, 642 F. App'x 64 (2d Cir. 2016).

In awarding summary judgment to the SEC, the district court determined that Illarramendi's inculpatory testimony at the TRO hearing, as well as his guilty plea in the criminal proceeding, established his liability for the Advisers Act violations charged in this civil case, and that Illarramendi failed to adduce evidence raising any issue of material fact, including any issue pertaining to his affirmative defense of duress. The court ordered disgorgement in the amount of $25,844,834, which represented the fraudulent gains as calculated in the criminal proceeding.[1] The court subsequently denied Illarramendi's motion to modify the TRO to release funds so that he could retain counsel to pursue his 28 U.S.C. § 2255 collateral challenge to his conviction. These consolidated appeals follow.

---

[1] The district court also imposed a permanent injunction and civil penalties. Because Illarramendi fails adequately to address these rulings in his appellate brief, we deem any challenge to them forfeited. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

3

We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decisions to affirm the summary judgment as modified and to affirm the order.

1.    Summary Judgment

On *de novo* review of an award of summary judgment, *see Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013), we will affirm only if the record, viewed most favorably to the non-moving party, shows "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a); *see Garcia v. Hartford Police Dep't*, 706 F.3d at 127.   To survive a summary judgment motion, the non-movant must point to more than "'mere speculation or conjecture as to the true nature of the facts'" because "'conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'"   *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

In challenging summary judgment here, Illarramendi argues that the district court erred in ruling that his guilty plea in the related criminal case collaterally estopped him from denying liability for identical Advisers Act violations in the civil case, because he was then pursuing a collateral challenge to his conviction, *see* 28 U.S.C. § 2255, on the ground that the asset freeze in the civil proceeding had denied him counsel of his choice in violation of constitutional rights recognized by the Supreme Court in *Luis v. United States*, 136 S. Ct. 1083 (2016).   We need not here decide how, if at all, *Luis* applies to a party

4

who was always represented by retained counsel in the criminal proceeding and who never moved in the criminal case for any assets to be unfrozen. The law is well-established that a criminal conviction collaterally estops a litigant from challenging in a subsequent civil action issues decided in that prosecution. *See United States v. Podell*, 572 F.2d 31, 35 (2d Cir. 1978); *accord United States v. U.S. Currency in the Amount of $119,984.00*, 304 F.3d 165, 172 (2d Cir. 2002). Moreover, because "the pendency of an appeal from a conviction does not deprive a judgment of its preclusive effect," *United States v. 303 W. 116th St., New York, New York*, 901 F.2d 288, 292 (2d Cir. 1990); *see Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015), the same conclusion necessarily applies to a collateral challenge after affirmance of the conviction on appeal.

Insofar as Illarramendi argues that the deprivation of counsel of choice deprived him of a full and fair opportunity to litigate his criminal case, as required for collateral estoppel, *see CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017), he bears the burden of demonstrating such a deprivation, *see Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013), which he fails to carry here. Notwithstanding Illarramendi's vague and conclusory allegations of ineffective assistance of counsel at the time of his plea, *see Hicks v. Baines*, 593 F.3d at 166 (conclusory allegations or denials "cannot by themselves create a genuine issue of material fact"), nothing in the summary judgment record indicates that, had Illarramendi been represented by different retained counsel, he would not have pleaded guilty. To the contrary, at his plea allocution, Illarramendi stated, under oath, that he was satisfied with counsel's representation. *See*

5

*Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) ("A criminal defendant's self-inculpatory statements made under oath at his plea allocution carry a strong presumption of verity and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." (internal citations and quotation marks omitted)).

In any event, in granting summary judgment, the district court determined that Illarramendi's civil liability was established not only by his guilty plea, but also by his independent inculpatory sworn admissions at the TRO hearing. Insofar as Illarramendi now repudiates his TRO admissions, arguing that they were the result of "a layman's misunderstanding" of the applicable law, Appellant Br. 10, his argument fails because, whatever his understanding of the law, the *facts* he admitted established the elements of the claimed Advisers Act violations, *see United States v. Tagliaferri*, 820 F.3d 568, 573 (2d Cir. 2016) (discussing elements of Section 206 claim). Moreover, belated and unsworn repudiations cannot undermine prior sworn testimony so as to raise a triable issue of fact. *See Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 205 (2d Cir. 2014) ("[F]actual issues that a party creates by filing an affidavit crafted to oppose a summary judgment motion that contradicts that party's prior testimony are not 'genuine' issues for trial.").

Illarramendi argues, nevertheless, that he presented sufficient evidence of duress to survive summary judgment, and, in any event, the district court should have provided him an alternate forum in which to present evidence without fear of retaliation. This argument fails because Illarramendi's vague assertions that he feared reprisal from Petróleos de

Venezuela, S.A. ("PDVSA") were insufficient to create a triable issue of fact. *See Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). Further, his factually unsupported claim that extortionate activities compelled his Advisers Act violations is inconsistent with his repeated claims of PDVSA fraud during the claims process.

Accordingly, we conclude that summary judgment was correctly awarded to the SEC.

2.    Disgorgement

We review Illarramendi's challenges to the disgorgement award for abuse of discretion. *See SEC v. First Jersey Sec. Inc.*, 101 F.3d 1450, 1474–76 (2d Cir. 1996); *see also SEC v. Frohling*, 851 F.3d 132, 138–39 (2d Cir. 2016). In attempting to show abuse, Illarramendi asserts that PDVSA submitted a fraudulent claim to the Receiver, without which there would have been enough funds to cover all other claims and, therefore, his remuneration was somehow appropriate. Even assuming PDVSA's claim was fraudulent, Illarramendi's belated argument that no loss therefore ensued is unsupported by the evidence and is insufficient, in any event, to overcome his own prior sworn testimony admitting that he received "inflated" management fees based on "fictitious" asset gains. Supp. App'x 28–29.

Illarramendi does not otherwise take issue with the district court's use of his gains as calculated in his criminal case to determine the disgorgement amount. He argues only that disgorgement must be revisited in light of *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), because some of the conduct at issue occurred outside of the statute of limitations. The

7

SEC agrees and, based on the data used by the court at Illarramendi's criminal proceeding, concedes that the ordered disgorgement should be reduced to $25,466,299.[2] Accordingly, we order modification of the judgment in that single respect.

3.     Modification to Asset Freeze Order

We review for abuse of discretion the district court's denial of Illarramendi's motion to modify the TRO to unfreeze certain of his assets. *See Smith v. SEC*, 653 F.3d 121, 127 (2d Cir. 2011). Illarramendi relies on *Luis v. United States*, 136 S. Ct. 1083 (2016), to argue abuse, maintaining that the denial violated his constitutional right to counsel of choice to challenge his criminal conviction. The argument fails because, by contrast to *Luis*, where the government's interest in "pretrial" frozen assets was still "contingent," *id.* at 1088, 1093 (holding "pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment"), Illarramendi stands convicted and subject to a $370,482,716.54 restitution order. Thus, his frozen assets are no longer "free and clear." *Id.* at 1092. In any event, the Sixth Amendment right to counsel, including the right to counsel of choice, does not apply in a habeas proceeding. *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Moreover, in Illarramendi's habeas proceeding, the district court offered to appoint counsel under the Criminal Justice Act, *see* 18 U.S.C.

---

[2] To the extent Illarramendi suggests that the entire action should be dismissed based on the statute of limitations, he has waived this argument by failing to raise it as an affirmative defense in either his answer or on summary judgment. *See, e.g.*, *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 967 F.2d 742, 751–52 (2d Cir. 1992). In any event, the argument fails on the merits. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014).

§ 3006A, if Illarramendi could not in fact afford to retain counsel.  In light of these circumstances and the controlling law, we identify no abuse of discretion in the district court's denial of Illarramendi's motion to modify the TRO to unfreeze assets.

We have considered Illarramendi's remaining arguments and conclude that they are without merit.  Accordingly, we MODIFY the district court's summary judgment to reduce ordered disgorgement to the amount of $25,466,299, and, as thus modified, we AFFIRM that judgment as well as the district court's order of July 20, 2017.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court