*United States v. Lasher*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand sixteen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> ALVIN K. HELLERSTEIN,*
> > *District Judge*.

_____

UNITED STATES OF AMERICA,
> *Appellee*,

v.                                                                    No. 15-2915-cr

LENA LASHER, also known as Sealed
Defendant 2, also known as Lena Contang, also
known as Lena Congtang,
> *Defendant-Appellant*,

Peter J. Riccio, also known as Sealed Defendant
1, John Nicholas Burling, also known as Sealed
Defendant 3, Robert P. Imbernino, also known
as Sealed Defendant 4, Edmond S. Kaplan, also
known as Sealed Defendant 5, Timothy Kear,

---

* Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

also known as Sealed Defendant 6, Christopher Riley, also known as Sealed Defendant 7, Adam Risolia, also known as Sealed Defendant 8, Gergana Chervenkova, also known as Sealed Defendant 9, Paul Gryszliewicz, also known as Sealed Defendant 10,

*Defendants*.**

_____

FOR APPELLEE:
DANIEL RICHENTHAL, Assistant United States Attorney (Kristy Greenberg, Margaret Garnett, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:
ROGER L. STAVIS (Adam M. Felsenstein, Jerry A. Weiss, *on the brief*), Gallet Dreyer & Berkey, LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Naomi R. Buchwald, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Lena Lasher was the supervising pharmacist at two Pennsylvania pharmacies that filled thousands of prescriptions for addictive painkillers issued over the Internet by doctors who had never met or consulted with their patients. In filling hundreds of prescriptions daily, Lasher and her employees, among other things, poured pills into vials without counting them, re-dispensed returned medication to new

---

** The Clerk is directed to amend the caption to conform to the above.

customers without properly inspecting the pills, and altered the instructions on pharmacy labels such that they did not correspond to what any physician had ordered.

On September 10, 2015, following a ten-day trial, Lasher was found guilty by a jury of conspiracy to misbrand drugs held for sale in violation of 18 U.S.C. § 371 (Count I); introducing misbranded drugs into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(2) and 18 U.S.C. § 2 (Count II); conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 (Count III); and mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 2 (Counts IV and V). She was then sentenced principally to three years' imprisonment.

On appeal, Lasher challenges (1) the sufficiency of the evidence supporting her conviction on Counts III, IV, and V; (2) the fairness of her trial; (3) the introduction of certain evidence under Fed. R. Evid. 404(b); and (4) the substantive reasonableness of her sentence. In rejecting each of these challenges, we assume the parties' familiarity with the underlying facts and the procedural history of the case.

I.      Sufficiency of the Evidence

First, Lasher argues that the evidence produced at trial was insufficient to prove the mail and wire fraud counts beyond a reasonable doubt. Our review of the jury's verdict is highly deferential: we must affirm the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotation marks omitted); *see also*

*United States v. MacPherson*, 424 F.3d 183, 187 (2d Cir. 2005). In making that

determination, we "view the evidence in the light most favorable to the government,

crediting every inference that could have been drawn in the government's favor." *United

States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008); *see also United States v. Payne*, 591

F.3d 46, 60 (2d Cir. 2010) ("[a]ssessments of witness credibility and choices between

competing inferences lie solely within the province of the jury.").

Lasher relies upon the so-called "no sale" theory to insist that while her actions

might have been illegal for a host of other reasons, she did not commit mail or wire fraud

because she did not defraud any customers. *See United States v. Shellef*, 507 F.3d 82, 108

(2d Cir. 2007) ("[o]ur cases have drawn a fine line between schemes that do no more than

cause their victims to enter into transactions they would otherwise avoid—which do not

violate the mail or wire fraud statutes—and schemes that depend for their completion on a

misrepresentation of an essential element of the bargain—which do violate the mail and

wire fraud statutes."). But there was sufficient evidence adduced at trial, including relevant

customer testimony, for a rational juror to find that the quantity, quality, and/or labeling of

pills were "essential element[s] of the bargain," and that Lasher agreed with others to

make, and did herself make, false representations with respect to one or more of these

elements. *United States v. Schwartz*, 924 F.2d 410, 421 (2d Cir. 1991); *see also United

States v. Regent Office Supply*, 421 F.2d 1174, 1182 (2d Cir. 1970) ("fraudulent intent is

4

apparent" where "false representations are directed to the quality, adequacy or price of the goods themselves"). As a result, Lasher's appeal as to the insufficiency of evidence fails.

II.     Fairness of Trial

Next, Lasher argues that Judge Buchwald's admonitions during trial violated Lasher's right to a fair trial. A defendant's right to a fair trial "is infringed when a judge's questions and comments convey to the jury that the judge disbelieves the defendant's testimony." *United States v. Quattrone*, 441 F.3d 153, 183 (2d Cir. 2006). In presiding over a trial, however, a district judge "has the duty to see that the facts are clearly presented," not merely to act as a "moderator." *Care Travel Co. v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 991 (2d Cir. 1991) (internal quotation marks omitted); *see also United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996) (the judge's "duty to see the law correctly administered cannot be properly discharged if the judge remains inert.").

The comments to which Lasher now objects are few and inoffensive. Over the course of Lasher's testimony, which lasted two and a half days, the trial judge admonished Lasher on a few occasions when Lasher was unresponsive or evasive in her answers. Viewed in context, the judge's statements were neither improper nor partial and certainly do not rise to "the point at which it appears clear to the jury that the court believes the accused is guilty." *United States v. Nazzaro*, 472 F.2d 302, 303 (2d Cir. 1973). Further, Lasher objected at trial to only one of the exchanges with which she now takes issue. Therefore, all of the judge's other interjections may be reviewed only for plain error. *See*

*United States v. Salameh*, 152 F.3d 88, 128 (2d Cir. 1998). But under the plain error standard or otherwise, the district court's remarks did not deprive Lasher of her right to a fair trial.

III.    Rule 404(b) Evidence

Lasher next argues that the district court improperly admitted evidence of her dispensing drugs to certain customers who visited her pharmacies, arguing that because the indictment charged only the scheme to dispense drugs improperly pursuant to the Internet prescriptions, any testimony regarding improper in-person dispensing constituted evidence of uncharged crimes inadmissible under Federal Rule of Evidence 404(b).

"We review evidentiary rulings for abuse of discretion." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). Rule 404(b) prohibits admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admitted, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "This Circuit has adopted an inclusionary approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012) (internal quotation marks omitted).

Lasher contends that the district court abused its discretion by allowing testimony that she had dispensed oxycodone and opium tincture to customers who came to her pharmacies in person in cars with out-of-state license plates and who were of visibly unusual or unkempt appearance. However, one of Lasher's primary defenses at trial was that, in filling the online prescriptions, she had acted in good faith and that any departures from appropriate pharmacy practice were honest mistakes. Thus, testimony that Lasher concurrently directed her employees – often overruling their express concerns – to fill prescriptions for out-of-state customers who came in groups, carrying prescriptions from the same out-of-state clinic, was admissible as evidence of Lasher's intent, as well as absence of mistake, in improperly filling prescriptions issued over the Internet. Moreover, this testimony was admitted with an appropriate limiting instruction in the final jury charge.

Lasher also objects on the ground that the "probative value" of such other act evidence "is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Prejudice is "unfair" only if it "involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) (internal quotation marks omitted). Given a trial court's "broad discretion to balance the evidence's potential prejudice to the defendant against its probative value," our "review [of] the district court's judgment regarding the admissibility of a particular piece of evidence under Fed. R. Evid. 403, [ ] generally maximize[s] its

7

probative value and minimize[s] its prejudicial effect." *United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002) (internal quotation marks and alterations omitted). In light of all the other evidence presented at trial, there is nothing to suggest that the evidence admitted under Rule 404(b) was unfairly prejudicial to Lasher, particularly given that the evidence in question was by no means more inflammatory or inculpatory than the evidence of the charged crimes. We see no abuse of discretion in the district court's decision to admit this evidence.

IV.     Substantive Reasonableness of Sentence

Finally, Lasher challenges the substantive reasonableness of her sentence. We consider such reasonableness "under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). A review for substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). We must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We cannot "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," and should "set aside a district court's *substantive* determination only in exceptional

8

cases where the trial court's decision cannot be located within the range of permissible decisions." *Id*. at 189 (internal quotation marks omitted).

The district court sentenced Lasher principally to three years' imprisonment – sixteen years below the bottom of the applicable Guidelines range and seven years below the sentence recommended by the United States Probation Office. "While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases, and thus especially when, as here, a defendant challenges a *below*-Guidelines sentence." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (internal quotation marks and citation omitted). Having reviewed the record, we find Lasher's arguments in support of her appeal unavailing and hold that her sentence was substantively reasonable.

We have considered Lasher's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9