*Lasher v. United States*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

---

AUGUST TERM 2019

No. 20-221

**LENA LASHER,**
*Petitioner - Appellant,*

v.

**UNITED STATES OF AMERICA,**
*Respondent - Appellee.*

---

On Motions for a Certificate of Appealability and for Leave to File
an Oversized Motion for a Certificate of Appealability

---

SUBMITTED: AUGUST 5, 2020
DECIDED: AUGUST 11, 2020

---

Before:      PARK, NARDINI, and MENASHI, *Circuit Judges*.

Appellant Lena Lasher, pro se, moves for a certificate of appealability and for leave to file an oversized motion for a certificate of appealability. In her appeal, Lasher seeks to challenge an order of the district court denying a certificate of appealability. Under 28 U.S.C. § 2253, "[i]n a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be

subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." We determine, sua sponte, that we lack jurisdiction to hear Lasher's appeal because a district court's order denying a certificate of appealability is not an appealable final order. Accordingly, we dismiss the appeal for lack of jurisdiction and deny Lasher's motions as moot.

_____

Lena Lasher, Danbury, CT, *pro se*.

Won S. Shin, Daniel C. Richenthal, Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

_____

PER CURIAM:

Lena Lasher, proceeding pro se, moves for a certificate of appealability and for leave to file an oversized motion for a certificate of appealability. In her appeal, she challenges an order of the district court denying a certificate of appealability. The issue before us is whether that order is appealable. It is not. Accordingly, we dismiss the appeal for lack of jurisdiction and deny Lasher's motions as moot.

## BACKGROUND

In 2015, Lasher was convicted of conspiracy to misbrand drugs held for sale in violation of 18 U.S.C. § 371, of introducing misbranded drugs into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(2) and 18 U.S.C. § 2, of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, and of committing mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 2. She was sentenced principally to three years' imprisonment. *United States v.*

*Lasher*, 661 F. App'x 25, 26 (2d Cir. 2016). This court affirmed the judgment. *Id.* at 29. On July 28, 2017, Lasher challenged her sentence under 28 U.S.C. § 2255. That statute authorizes "prisoner[s] in custody under sentence of a court established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In her motion, Lasher asserted several grounds for relief, including that the evidence at trial was insufficient to convict her, that the government failed to disclose exculpatory evidence, and that her counsel was ineffective. The district court denied Lasher's motion. *Lasher v. United States*, No. 17-CV-5925, 2018 WL 3979596, at *10 (S.D.N.Y. Aug. 28, 2018) ("For the foregoing reasons, Lasher's petition is denied without a hearing. Because Lasher has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.").

Lasher appealed the denial of her § 2255 motion. While that appeal was pending, she filed numerous motions in the district court. Those motions included a request for an evidentiary hearing, a motion seeking documents from the government, a motion for a new trial, and a motion to alter or amend the judgment of the district court. The district court denied the motions in an order entered on April 8, 2019. Lasher then filed another motion seeking an evidentiary hearing. On October 21, 2019, the district court denied that motion as well. Lasher appealed from each of these orders and, in each case, sought a certificate of appealability from this court. *See* Local R. 22.1(a). Consolidating these appeals with her appeal from the denial of her § 2255 motion, we denied her motions and dismissed the appeals. *Lasher v. United States*, No. 18-2693, 2020 WL 1170713 (2d Cir. Jan. 15, 2020). On December 18, 2019, the district court issued an order denying certificates of appealability for the April 8 and October 21 orders. In a timely filed notice of appeal, Lasher challenges only that

3

order. In the motions before us, she asks us to issue a certificate of appealability and grant her permission to file an oversized motion.

## DISCUSSION

"In a … proceeding under section 2255 … the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a); *id.* § 2255(d) ("An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." *Id.* § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1) ("In a … 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). Because Lasher seeks to appeal an order denying a certificate of appealability, the question before us is whether such an order is an appealable "final" order under § 2253. Several courts have held that it is not.[1] One court, however, has held

---

[1] *See United States v. Futch*, 518 F.3d 887, 891 (11th Cir. 2008) (noting that "Futch filed a notice of appeal from the district court's denial of a COA" and "this Court dismissed that appeal for lack of jurisdiction because the district court's order denying Futch a COA was not an appealable order"); *Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2001) ("[W]e conclude that the rule concerning certificates of appealability should be the same as the rule governing certificates of probable cause, and we hold that an order denying a certificate of appealability is not appealable."); *United States v. Badru*, No. 04-3045, 2004 WL 1683113, at *1 (D.C. Cir. July 27, 2004) (per curiam) ("[A]n order denying a certificate of appealability is not independently appealable."); *Cannan v. Hutchins*, 479 F. App'x 756, 756 (9th Cir. 2012) ("[T]he denial of a COA is not in itself appealable.").

4

that an order denying a certificate of probable cause—the predecessor to the certificate of appealability—is an appealable final order.[2]

In determining whether an order is "final" for purposes of § 2253, our interpretation of the phrase "final order" should "be guided by the meaning of 'final decision[]' in 28 U.S.C. § 1291." *Jones v. Braxton*, 392 F.3d 683, 685 (4th Cir 2004). Under § 1291, "[a] final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Bridgeport Guardians, Inc. v. Delmonte*, 537 F.3d 214, 221 (2d Cir. 2008) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). Applying that principle, we conclude that it is the decision denying § 2255 relief—not the decision denying a certificate of appealability—that is a final order for purposes of § 2253(a). In an order denying § 2255 relief, the district court determines whether the petitioner has met her burden of demonstrating that her sentence was unlawful; in doing so, the judge ends the litigation on the merits before that court.

By contrast, an order denying a certificate of appealability does not end litigation on the merits. Rather, it decides only whether the court, having already concluded that the § 2255 motion is without merit, believes the motion to be so baseless that no reasonable jurist could differ with the court's disposition. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("[A] substantial showing of the denial of a constitutional right … includes showing that reasonable jurists could debate whether … the petition should have been resolved in a different manner."). Because the decision to deny a

---

[2] *See Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir. 1984) (holding that a "district court's denial of a certificate of probable cause is a final and appealable post judgment order" because it "concludes the case").

certificate of appealability does not end litigation on the merits, it is not an appealable final order.

That conclusion finds support in Federal Rule of Appellate Procedure 22(b). The rule expressly provides that "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Fed R. App. P. 22(b)(1). In authorizing an applicant to seek a certificate from a circuit judge in the event of a denial by the district court, the Rule indicates that an appeal from the denial is unavailable.

Moreover, the rule refers to the certificate and the accompanying statement "described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255." *Id.* Rule 11(a) provides that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. That language distinguishes between the entry of a final order and the denial of a certificate. Rule 11(a) also clarifies that "[i]f the court denies a certificate, *the parties may not appeal the denial* but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* (emphasis added).

For these reasons, we agree with those courts that have concluded that the denial of a certificate of appealability is not itself appealable. *See supra* note 1.

The Fifth Circuit's decision in *Flores*, by contrast, is unpersuasive. In *Flores*, the issue was whether a district court had the authority to grant a certificate of probable cause—the predecessor to the certificate of appealability—after both it and the court of appeals had denied it. In concluding that the district court lacked that authority, the Fifth Circuit asserted that an order denying a certificate of probable cause was an appealable final order because "a party

denied the certificate cannot appeal the district court's denial of the writ of habeas corpus, although he may seek a certificate from the court of appeals." *Flores*, 745 F.2d at 339. The Fifth Circuit's conclusion is irreconcilable with the version of Rule 22(b) then in effect. At the time *Flores* was decided, Rule 22(b) provided that "[i]f an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate shall not issue." *Latella v. Jackson*, 817 F.2d 12, 13 (2d Cir. 1987). As we observed in *Latella*, Rule 22(b)'s "specific timetable" permitted the district court to issue or deny a certificate only after an appeal had already been taken. *Id.* Because an appeal may be taken only from a final (or appealable collateral) order, it cannot be that the order denying a certificate of probable cause—an order which *necessarily* issues only after a notice of appeal was filed—was itself an appealable final order.[3]

## CONCLUSION

For the foregoing reasons, we conclude that an order denying a certificate of appealability is not an appealable final order.

---

[3] Our holding does not call into question the longstanding rule, embodied in Federal Rule of Appellate Procedure 22(b)(2), that "if no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Similarly, we construe pro se "submissions liberally and interpret them to raise the strongest arguments they suggest." *Wright v. C.I.R.*, 381 F.3d 41, 44 (2d Cir. 2004); *see also Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003) (construing a pro se notice of appeal as a motion for a certificate of appealability); *Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam) (construing a pro se motion for a certificate of appealability as a notice of appeal). Because Lasher already sought (and was denied) a certificate of appealability in her appeal of the order denying § 2255 relief, we decline to construe her notice of this appeal as seeking a certificate.

Accordingly, we dismiss the appeal for lack of jurisdiction and deny Lasher's motions as moot.