NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2600
_____

LENA LASHER,
                                        Appellant

v.

EXCECUTIVE DIRECTOR ANTHONY RUBINACCIO, Individually and in his official
capacity; NEW JERSEY STATE BOARD OF PHARMACY; THOMAS F.X. BENDER,
Individually and in his official capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-18-cv-02689)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2021

Before:  McKEE, SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: July 7, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Lena Lasher appeals the District Court's order denying her motion for an extension of time to file a second amended complaint and dismissing her action with prejudice. For the reasons detailed below, we will affirm the District Court's judgment.

In her operative amended complaint, Lasher alleged that the New Jersey State Board of Pharmacy ("the Board") improperly forced her to agree to a consent order in which she surrendered her pharmacist license after she was indicted on charges that were later dropped. She complained that the Board; its executive director, defendant Anthony Rubinaccio; and its president, defendant Thomas F.X. Bender, then posted the consent order online. She alleged that this course of conduct violated her constitutional rights to due process and equal protection. Lasher also stated that she was later indicted a second time; in those proceedings, she was ultimately convicted of conspiracy to misbrand drugs held for sale, introducing misbranded drugs into interstate commerce, conspiracy to commit mail and wire fraud, and mail and wire fraud. See United States v. Lasher, 661 F. App'x 25 (2d Cir. 2016) (affirming criminal judgment). While it is not clear whether Lasher intended to state any claims concerning those proceedings—and the defendants she named have no apparent connection to those proceedings—she did allege that her conviction was wrongful.

On the defendants' motion, the District Court dismissed Lasher's amended complaint. The Court dismissed the complaint in part with prejudice and in part without prejudice, gave Lasher 30 days to file an amended complaint, and informed her that it

would dismiss the action with prejudice if she did not file a timely amendment. Lasher's amended complaint was due on or before April 29, 2019.

On April 25, 2019, Lasher requested a 30-day extension of time to file her amended complaint, stating that she had been in a car crash; the Court granted the motion. See ECF Nos. 51 & 52. Lasher then filed three more requests for 30-day extensions and one request for a 60-day extension, stating that she was still recovering from her car accident, had been sick, had needed surgery, and had been caring for her mother. See ECF Nos. 53, 55, 57, 59. The Court again granted each motion. See ECF Nos. 54, 56, 58, 60. In December 2019, Lasher asked for another 30-day extension. See ECF No. 61. The Court administratively stayed the case until April 30, 2020, and informed Lasher that "failure to file an amended complaint on or before April 30, 2020 will result in dismissal of her claims with prejudice and the closing of this action." ECF No. 63. On April 29, 2020, Lasher requested another 60-day extension, see ECF No. 64; the Court granted her 45 days and reiterated that if she did not file her amendment by June 15, 2020, her claims would be dismissed with prejudice. Lasher once again requested an extension. This time, on July 8, 2020—more than 14 months after the initial deadline to amend—the Court denied Lasher's request. The Court also dismissed the amended complaint with prejudice due to Lasher's failure to comply with the Court's deadline to amend. Lasher appealed. In this Court, the defendants have sought permission to expand the record to include an order from the Second Circuit (in C.A. No. 20-1671) and Lasher has filed several motions.

3

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (explaining that "we accord district courts great deference with regard to matters of case management"); Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008) (explaining that we review dismissals for failure to prosecute for abuse of discretion).

The District Court did not abuse its discretion in denying Lasher's request for an extension of time. As the factual account above reveals, the Court was unusually generous in granting Lasher's requests for extensions, granting six such requests spanning more than a year. Moreover, as the District Court explained, while Lasher alleged that various health issues prevented her from meeting the Court's deadlines, exhibits she filed revealed that, during this same period, she had been actively litigating other matters, including attending a hearing and filing lengthy motions. See generally ECF No. 59 (explaining in motion for extension of time that in September 2019 alone she had "had to submit two writ[s] of certiorari to the Supreme Court, a Certificate of Appealability to the Appellate Court, [and] many motions and replies in the District Court"). Indeed, in her appellate brief, Lasher claims that since the District Court dismissed her complaint, her "health has declined severely," Br. at 8, yet she managed to file a 72-page brief. Accordingly, we will affirm the District Court's denial of a further extension.

We likewise conclude that the District Court did not err in dismissing Lasher's complaint with prejudice due to her failure to amend within the prescribed time. We understand the District Court to have dismissed the complaint for failure to prosecute; our

4

review of this decision is—

> guided by the manner in which the trial court balanced the following factors . . . and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "Each factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Although "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits," Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (per curiam), such decisions are given "great deference," Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

We agree with the District Court that the Poulis factors weighed in favor of dismissal. As discussed above, the District Court gave Lasher numerous extensions and warned her time after time that her failure to meet the deadlines could result in dismissal with prejudice. Yet Lasher repeatedly failed to file her amended complaint. And while she attributed her failure to health issues, those issues did not prevent her from zealously litigating other cases or filing a lengthy brief in this Court.[1] The District Court's

---

[1] Indeed, it appears that Lasher may also have been working during part of this time period. See ECF No. 57 (stating in motion for extension of time that she was "awaiting approval from work for the requested time off").

attempted lesser sanction—warning Lasher that future failures to file would result in dismissal with prejudice—was ineffective. Indeed, given Lasher's failure to replead, "it is difficult to conceive of what other course the court could have followed." In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996) (citation and quotation marks omitted).[2] Thus, the District Court did not err in dismissing Lasher's complaint with prejudice.

Accordingly, we will affirm the District Court's judgment.[3]

---

[2] In her opening brief, Lasher has not challenged the District Court's initial order that dismissed her complaint in part with prejudice and in part without prejudice, and she has therefore forfeited any such claims. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). Lasher has asserted numerous arguments challenging her conviction in the Southern District of New York, but the validity of that conviction is not before us.

[3] The motion to expand the record to include an order from the Second Circuit that was not part of the record in the District Court is denied. See S.A. at 64–65; see also Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (stating that a party may supplement the record on appeal in only "exceptional circumstances"). Lasher's motion to strike is granted to the extent that it seeks to strike the Second Circuit order that was submitted with the supplemental appendix (at S.A. at 64–65); to the extent it seeks any further relief, it is denied. Lasher also seeks sanctions based on her claim that the defendants failed to serve their response brief. However, the defendants re-served the brief, and Lasher acknowledges that she received that version. Therefore, her motions for sanctions are denied.