**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-7178

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY THOMAS JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:11-cr-00530-CMH-2; 1:14-cv-01493-CMH)

Submitted: March 7, 2024                          Decided: May 14, 2024

Before GREGORY and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

Corey Thomas Jones, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Thomas Jones appeals the district court's order denying five of Jones' postjudgment motions. In the first motion, Jones sought, among other things, an enlargement of time to appeal the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized, successive 28 U.S.C. § 2255 motion and denying it on that basis. *United States v. Jones*, No. 1:11-cr-00530-CMH-2 (E.D. Va., PACER No. 281). The district court entered its order on May 23, 2017, and Jones filed his motion within 180 days, on September 14, 2017. In his motion, Jones asserted that he had not received notice of the court's order with 21 days of its entry. For these reasons, we construe Jones' motion as a request under Fed. R. App. P. 4(a)(6) to reopen the period for appealing the denial of his Rule 60(b) motion.

In denying Jones' motion, the district court did not consider whether Jones satisfied the requirements under Rule 4(a)(6) and, if so, whether it should exercise its discretion to reopen the appeal period. *Shuler v. Orangeburg Cnty. Sheriff's Dep't*, 71 F.4th 236, 247 (4th Cir. 2023) ("Rule 4(a)(6) is permissive and allows a district court to deny a motion to reopen even if the movant meets the rule's three requirements." (cleaned up)). Accordingly, we remand this case to the district court for the limited purpose of determining whether Jones is entitled to a reopening of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

Turning to Jones' appeal from the denial of his fourth motion, in which he moved to reconsider the district court's order denying a certificate of appealability, we dismiss this part of the appeal for lack of jurisdiction. *See Lasher v. United States*, 970 F.3d 129,

2

132 (2d Cir. 2020) (per curiam) (holding "that the denial of a certificate of appealability is not itself appealable"). Finally, we discern no merit in any of Jones' other motions, and we therefore affirm the balance of the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*