*Illarramendi v. United States of America*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM, 2018

SUBMITTED: OCTOBER 10, 2018
DECIDED: OCTOBER 16, 2018

No. 18-35
FRANCISCO ILLARRAMENDI,
*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

————

Appeal from the United States District Court
for the District of Connecticut
No. 16-cv-1853 – Stefan R. Underhill, *Judge.*

————

Before: WALKER, CALABRESI, and LIVINGSTON, *Circuit Judges.*

————

Francisco Illarramendi appeals from the order of the District Court of the District of Connecticut (Underhill, *J.*) denying his motions for supervised release or bail pending resolution of his motion to vacate his sentence under 28 U.S.C. § 2255. The United

States now moves for summary affirmance of the district court's order on the grounds that neither supervised release nor bail is warranted under the circumstances and, regardless of the merits, Illarramendi failed to obtain a certificate of appealability as required by 28 U.S.C. § 2253(c)(1). We agree with the United States that neither supervised release nor bail is warranted here and therefore GRANT the motion for summary affirmance. A certificate of appealability from the district court's order is not necessary, however, because a denial of supervised release or bail is not a "final order[] that dispose[s] of the merits of a habeas corpus proceeding." *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

————

FRANCISCO ILLARRAMENDI, *pro se*, *for Petitioner-Appellant*.

MICHAEL J. GUSTAFSON (John T. Pierpont, Jr., *on the brief*), United States Attorney's Office for the District of Connecticut, New Haven, CT, *for Respondent-Appellee*.

————

PER CURIAM:

Francisco Illarramendi appeals from the order of the District Court of the District of Connecticut (Underhill, *J.*) denying his

motions for supervised release or bail[1] pending resolution of his motion to vacate his sentence under 28 U.S.C. § 2255. The United States now moves for summary affirmance of the district court's order on the grounds that neither supervised release nor bail is warranted under the circumstances and, regardless of the merits, Illarramendi failed to obtain a certificate of appealability as required by 28 U.S.C. § 2253(c)(1). We agree with the United States that neither supervised release nor bail is warranted here and therefore GRANT the motion for summary affirmance. A certificate of appealability from the district court's order is not necessary, however, because a denial of supervised release or bail is not a "final order[] that dispose[s] of the merits of a habeas corpus proceeding." *Harbison v. Bell,* 556 U.S. 180, 183 (2009).

**BACKGROUND**

On March 7, 2011, Petitioner-Appellant Illarramendi pleaded guilty to two counts of wire fraud, and one count each of securities fraud, investor fraud, and conspiracy to obstruct justice. Plea Hearing Tr., *United States v. Illarramendi,* No. 11-cv-0041 (D. Conn. March 21, 2011), ECF No. 9. The district court imposed a sentence of 156 months' imprisonment and approximately $370 million in restitution,

---

[1] Although Illarramendi's motion was for supervised release, we liberally construe his *pro se* motion as seeking release on bail. The government accepts this interpretation in its memorandum in support of its motion to summarily affirm. Mem in Supp. of Mot. for Summ. Affirmance 6, ECF No. 33.

which we affirmed on appeal. *See United States v. Illarramendi*, 642 F. App'x 64 (2d Cir. 2016) (summary order) (affirming sentence); *United States v. Illarramendi*, 677 F. App'x 30 (2d Cir. 2017) (summary order) (affirming restitution).

On November 14, 2016, Illarramendi filed a habeas corpus petition under 28 U.S.C. § 2255 to vacate his sentence on the grounds that (1) he was denied counsel of choice because his assets were frozen in a related SEC civil proceeding; and (2) his attorneys provided ineffective assistance during the plea negotiations and at sentencing. Mot. to Vacate Sentence at vii, *Illarramendi v. United States*, No. 16-cv-1853 (D. Conn. Nov. 14, 2016), ECF No. 1.[2] The § 2255 petition is pending before the district court.

On August 28 and 29, 2017, Illarramendi filed two motions in the district court seeking "supervised release pending habeas proceedings." No. 16-cv-1853, ECF Nos. 18, 19. The district court denied the motions, stating that it "has no authority to grant supervised release to a sentenced inmate." No. 16-cv-1853, ECF No. 23. Illarramendi then filed a notice of appeal with the district court from the denial of supervised release and moved for leave to proceed *in forma pauperis*. No. 16-cv-1853, ECF Nos. 24, 25. The district court granted the motion for leave to proceed *in forma pauperis*. No. 16-cv-1853, ECF No. 27.

---

[2] The § 2255 action in the district court is hereinafter referred to as No. 16-cv-1853.

On appeal, the government now moves for us to summarily affirm the district court's order denying Illarramendi's motions for supervised release pending the outcome of his habeas proceeding under 28 U.S.C. § 2255. Mem. in Supp. of Mot. for Summ. Affirmance 6, ECF No. 33. The government argues that (1) supervised release is not available to Appellant pending a decision on his habeas petition because supervised release can only be imposed as part of a criminal sentence; (2) even if Illarramendi's motion is construed as one seeking release on bail, it is not warranted because his § 2255 motion does not present substantial claims and there are no extraordinary circumstances; and (3) Illarramendi failed to obtain a certificate of appeal (COA) as required by 28 U.S.C. § 2253(c)(1). *Id.* at 3, 6.

## **DISCUSSION**

We write here to address the question of whether a COA is required to appeal from a denial of bail pending the disposition of a petition for habeas corpus relief.

### I.    Certificate of Appealability

28 U.S.C. § 2253(c)(1) states that

> [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or the final order in a proceeding under section 2255.

In *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990), we held that § 2253's COA[3] requirement applied "not only to the final determination of the merits [of the habeas proceeding] but also to an order denying bail" during the habeas proceeding. We reasoned that the interest served by requiring such a certificate—namely, relieving "the court system of the burdens resulting from litigation of insubstantial appeals—is equally served whether the order appealed is a final disposition of the merits or a collateral order." *Id.*

Almost two decades later, the Supreme Court decided *Harbison v. Bell*, 556 U.S. 180 (2009). In *Harbison*, the district court denied appellant's motion to authorize his federally appointed counsel in his habeas proceeding to represent him in a related state clemency proceeding. *Id.* at 182. Appellant appealed, but failed to obtain a COA under § 2253(c)(1). *Id.* at 183. The Court held that because § 2253(c)(1) "governs final orders that dispose of the merits of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention[,] . . . [a]n order that merely denies a motion to enlarge the authority of appointed counsel . . . is not such an order and is therefore not subject to the COA requirement." *Id.*

---

[3] In 1990, when *Grune* was decided, § 2253 required a certificate of probable cause before a party could appeal from a habeas proceeding. In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA) and amended § 2253 to, *inter alia,* change the name of a certificate of probable cause to a certificate of appealability. Pub. L. No. 104-132, § 102 110 Stat. 1214, 1217 (1996). There is no substantial difference between the two certificates.

We have never addressed *Harbison*'s effect on *Grune* in a published decision, but two motions panels in unpublished orders denied as unnecessary COA motions in appeals from the denial of bail, with one order specifically citing *Harbison* for support.  *See* Mot. Order, *United States v. Riccio (Lasher)*, No. 17-1629 (2d Cir. Nov. 6, 2017), ECF No. 135; Mot. Order, *Fan v. United States*, No. 17-1619 (2d Cir. Aug 29, 2017), ECF No. 32.  We agree with the two decisions.  In *Grune*, we acknowledged that "the denial of bail . . . is a collateral and conclusive determination of the issue presented," but never pretended that it was somehow a final disposition of the habeas proceeding.  *Grune*, 913 F.2d at 44.  Therefore, consistent with *Harbison*, we hold that a COA is not required when appealing from orders in a habeas proceeding that are collateral to the merits of the habeas claim itself, including the denial of bail.  Thus, in this case, the absence of a COA was not a bar to Illarramendi's appeal from the district court's order denying his motion for supervised release or bail pending resolution of his habeas petition.

## II.     Appellant's Remaining Arguments

After review of the record and Appellant's arguments, we conclude that his motion for supervised release or bail pending review of his 28 U.S.C. § 2255 motion lacked merit because the motion does not present substantial questions and Appellant has not demonstrated that "extraordinary circumstances exist that make the

grant of bail necessary to make the habeas relief effective." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (internal citation, quotations, and alteration omitted).  We therefore grant summary affirmance of the district court's order.  *See United States v. Bonilla*, 618 F.3d 102, 107–08 (2d Cir. 2010).

## **CONCLUSION**

For the reasons stated above, the government's motion for summary affirmance of the district court's order denying supervised release is GRANTED.