RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0011p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

SERWAN MIZORI,

　　　　　　　　*Petitioner-Appellant*,

　*v.*

UNITED STATES OF AMERICA,

　　　　　　　　*Respondent-Appellee*.

┐
│
│
├ No. 19-2433
│
│
┘

─────────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
Nos. 1:13-cr-00009-2; 1:15-cv-00814—Paul Lewis Maloney, District Judge.

Argued: July 21, 2021

Decided and Filed: January 20, 2022

Before: BATCHELDER, KETHLEDGE, and THAPAR, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ARGUED:** John James Snidow, WILKINSON WALSH LLP, Washington, D.C., for Appellant. Nicola Cohen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** John James Snidow, WILKINSON WALSH LLP, Washington, D.C., for Appellant. Nicola Cohen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Jennifer McManus, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

─────────────────

## OPINION

─────────────────

KETHLEDGE, Circuit Judge. Serwan Mizori appeals the district court's order denying his motion under Federal Rule of Appellate Procedure 4(a)(5) for an extension of time to file a

notice of appeal as to the court's earlier order denying his motion under 28 U.S.C. § 2255.  We hold that Mizori does not need a certificate of appealability to appeal the denial of his Rule 4(a)(5) motion and that the district court abused its discretion by denying that motion.

Mizori was a member of a five-person conspiracy to sell drugs and guns in Lansing, Michigan.  In December 2012, all five members of the conspiracy were arrested; Mizori later pled guilty to one count of distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  In Mizori's presentence report, the probation officer recommended a finding that Mizori had acted as a manager or supervisor within the conspiracy.  Mizori objected to that recommendation, which, if adopted, would increase the guidelines range for his sentence.  *See generally* U.S.S.G. § 3B1.1(b).  During Mizori's sentencing hearing, two witnesses for the government—one a police investigator, the other an informant—testified that Mizori had played a leadership role in the conspiracy.  Mizori did not call any witnesses at the hearing.  The district court then found that Mizori had acted as a manager or supervisor in the conspiracy, and sentenced him to 20 years in prison.

In August 2015, proceeding *pro se*, Mizori filed a motion for a sentence reduction under 28 U.S.C. § 2255, arguing that his counsel's failure to offer any witnesses at the sentencing hearing amounted to constitutionally ineffective assistance.  In support, Mizori attached affidavits from three of his co-conspirators, who attested (in identical verbiage) that Mizori did not "have any control, supervision, or supervisory authority" in the conspiracy.  Mizori's counsel in the district court filed a detailed affidavit disputing those allegations.

Almost four years later—on July 17, 2019—the district court denied Mizori's motion.  At that time, as it turned out, Mizori was confined in the high-security Special Housing Unit—"the SHU"—at the Federal Correctional Institution in Estill, South Carolina.  Mizori had 60 days— until September 15, 2019—to file a notice of appeal.  But Mizori had no access to stamps or a law library in the SHU, and was confined there until September 29.

Eight days later, Mizori timely filed a motion under Federal Rule of Appellate Procedure 4(a)(5) for an extension of time to file his notice of appeal.  He asserted that he had "good cause" for missing the September 15 filing deadline, because among other things he had unsuccessfully

"made various attempts with federal correctional officers in the Special Housing Unit to file a Notice of Appeal," and because he had been "denied access to postage stamps during the time in which he was required to file his notice of appeal." Yet the district court denied his motion, stating that "Mizori has not met his burden of establishing excusable neglect for failing to file timely his notice of appeal." The district court did not address whether Mizori had shown "good cause" for the extension, Fed. R. App. P. 4(a)(5)(A)(ii), which was the ground on which Mizori had sought that relief.

Mizori then appealed the district court's denial of his Rule 4(a)(5) motion. We appointed counsel for him and directed counsel for both sides to address, as a threshold matter, the question whether Mizori needs a certificate of appealability (COA) to bring this appeal.

Title 28 U.S.C. § 2253(c)(1) provides:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

Mizori needs a COA to appeal the district court's order denying his motion for an extension of time under Rule 4(a)(5), therefore, only if that order was "the final order in a proceeding under section 2255." The Supreme Court has told us what "the final order" means as used in § 2253(c)(1). In *Harbison v. Bell*, 556 U.S. 180, 183 (2009), the Court held:

Section 2253(c)(1)(A) provides that unless a circuit justice or judge issues a COA, an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." This provision governs *final orders that dispose of the merits of a habeas corpus proceeding*—a proceeding challenging the lawfulness of the petitioner's detention. [Emphasis added.]

That *Harbison* concerned § 2253(c)(1)(A), whereas this case concerns (c)(1)(B), does not matter; nobody disputes that "the final order" has the same meaning in both provisions. The only difference between them is that (c)(1)(A) applies in cases where the petitioner is detained pursuant to a state criminal judgment, and (c)(1)(B) applies where the criminal judgment is

federal.  Hence only orders that "dispose of the merits of" a § 2255 proceeding count as "the final order" under § 2253(c)(1)(B).  *Harbison*, 556 U.S. at 183; *cf. Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021).

Here, the district court's two-page order denying Mizori's motion under Rule 4(a)(5) plainly did not "dispose of the merits" of his § 2255 motion.  The district court's July 2019 order denying the § 2255 motion had already done that; and the order that Mizori seeks to appeal now said nothing about the merits of his underlying § 2255 motion.  *Harbison* and *Pouncy* alike provide an obvious answer to the question presented here.

The government's arguments to the contrary are unpersuasive.  The government reads *Harbison* to mean that any order that (1) is final under 28 U.S.C. § 1291 and (2) "pertain[s] to the adjudication of a petition for postconviction relief" counts as "the final order" under § 2253(c)(1).  Gov't Br. at 20.  But "dispose of the merits" does not mean merely "pertain."  The government also contends that reading *Harbison* (and now *Pouncy*) to mean what they plainly say would compel us to hold that a petitioner would never need a COA to appeal an order denying relief under Civil Rule 60(b) in habeas cases.  We see no such compulsion:  some Rule 60(b) motions are "in substance a successive habeas petition and should be treated accordingly." *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005).  And part of that treatment, presumably, would be to regard an order denying that kind of Rule 60(b) motion as the final order "dispos[ing] of the merits of a habeas corpus proceeding[,]" *Harbison*, 556 U.S. at 183—meaning the petitioner would need a COA to appeal it.  The government likewise argues that reading *Harbison* to mean what it says would effectively overrule the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473 (2000).  That amounts to a charge of judicial malpractice on the Supreme Court's part—given that the very case that *Harbison* cited as support for its "dispose of the merits" rule was *Slack*.  *See* 556 U.S. at 183.  In sum, Mizori did not need to obtain a COA—and we need not labor through a first pass at the merits of his § 2255 motion—in order for him to obtain appellate review of his Rule 4(a)(5) motion seeking more time to file his notice of appeal.

We therefore turn to the district court's denial of that motion, which we review for an abuse of discretion.  *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).  Rule 4(a)(5) allows a district court to "extend the time to file a notice of appeal" if the party seeking

the extension "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Excusable neglect and good cause are different concepts; Mizori sought relief expressly on the ground of good cause; yet the district court denied his motion solely on the ground that he had "not met his burden of establishing excusable neglect for failing to file timely his notice of appeal." Order at 2. The district court therefore used an erroneous legal standard when it decided Mizori's motion, which itself amounts to an abuse of discretion. *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 368–69 (6th Cir. 2007).

The government says that mistake was "harmless," but we disagree. To show good cause for purposes of Rule 4(a)(5), Mizori needed to show that his failure to file a timely notice of appeal was the result of "forces beyond" his control. *Nicholson*, 467 F.3d at 526. To that end, as noted above, Mizori recited in his motion that he had been confined in the SHU when the district court decided his motion, four years after he filed it; that "federal correctional officers" in the SHU had "hindered and impeded" him from filing a notice of appeal; that, "[i]n particular, [he] was denied access to postage stamps during the time in which he was required to file his notice of appeal"; that he "was denied paper and envelopes in which to file his notice of appeal within the time required by law"; and that he "was further denied access to the law library during this time[.]"

Neither the district court nor the government dispute the adequacy of those recitations as grounds to find good cause. What the district found, rather—and what the government chooses to reiterate now—was that "Mizori has not filed any affidavit or verified statement attesting to these facts." Order at 2. But Rule 4(a)(5) does not make affidavits or verified statements a rigid prerequisite to a showing of good cause. To the contrary, it does not mention them at all. And retained counsel in civil and criminal cases routinely obtain extensions of filing deadlines without that sort of verification. Indeed, in this appeal, the government itself obtained three extensions of filing deadlines for its briefs by means of motions identical in form to the Rule 4(a)(5) motion that Mizori filed in the district court here. The denial of his motion was an abuse of discretion.

\* \* \*

The district court's October 16, 2019 order is reversed, and the case is remanded for the limited purpose of allowing Mizori to file a notice of appeal of the court's July 17, 2019 order denying his § 2255 motion. *See* Fed R. App. P. 3(a)(1), 4(a). Our court will then determine whether Mizori is entitled to a certificate of appealability as to that order. *See* 28 U.S.C. § 2253(c).