FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

December 5, 2025

Christopher M. Wolpert
Clerk of Court

ISAIAH T. CHURCHWELL,
aka Isaiah T. Churchwell-Bey,

    Petitioner - Appellant,

v.

PAUL PACHECO, CCCF Associate
Warden; ANDRE MOSES STANCIL,
CDOC Executive Director; BARRY
GOODRICH, CCCF Warden;
ATTORNEY GENERAL FOR THE
STATE OF COLORADO,

    Respondents - Appellees.

No. 25-1071
(D.C. No. 1:23-CV-02130-LTB-SBP)
(D. Colo.)

_____

ORDER AND JUDGMENT
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Isaiah T. Churchwell is completing a prison sentence in Colorado. He filed this

28 U.S.C. § 2254 action in August 2023, raising the single claim that his conviction and

sentence are unlawful because he "was charged with a capital crime without a grand jury

indictment," in violation of the Fifth Amendment. R. at 44. The district court

determined he had not exhausted that claim in state court before presenting it to the

federal court and therefore denied his § 2254 application, in January 2024.

Mr. Churchwell appealed that ruling, but not until January 2025, long past the 30-day

deadline to appeal. *See* Fed. R. App. P. 4(a)(1)(A). We therefore dismissed that appeal as untimely. *Churchwell v. Pacheco*, No. 25-1029, slip op. at 3 (10th Cir. Jan. 28, 2025).

Mr. Churchwell then filed a request in the district court for "an extension of time (i.e.[,] an additional 45 days) to get everything filed." R. at 197. The district court denied his request, observing both its case and Mr. Churchwell's appeal had been dismissed, and "[t]his action [was] closed." R. at 199. Mr. Churchwell then filed this appeal.

Because he proceeds pro se, we construe Mr. Churchwell's filings liberally but without acting as his advocate. *See Childers v. Crow*, 1 F.4th 792, 798 n.3 (10th Cir. 2021). It is somewhat unclear from Mr. Churchwell's notice of appeal whether he again seeks to appeal the denial of his § 2254 application. Regardless, he cannot do so. As we explained when we dismissed his prior appeal, "[t]his Court can exercise jurisdiction only if a notice of appeal is timely filed. A timely notice of appeal is both mandatory and jurisdictional." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006) (citation and internal quotation marks omitted). Because Mr. Churchwell did not timely appeal the January 2024 denial of his § 2254 application, we do not have jurisdiction to review that ruling. *Id.*; Fed. R. App. P. 4(a)(1)(A).

The only ruling we could review in this appeal is the district court's February 13, 2025 order denying Mr. Churchwell's request for an extension of time. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) ("A district court's order refusing to extend the time for filing a notice of appeal is itself an appealable final judgment [under 28 U.S.C. § 1291]."). And because we conclude that order was not a "final order[] that

2

dispose[s] of the merits of [his] habeas corpus proceeding," Mr. Churchwell does not need a certificate of appealability (COA) to challenge it. *Harbison v. Bell*, 556 U.S. 180, 183 (2009); *see Mizori v. United States*, 23 F.4th 702, 705 (6th Cir. 2022) (holding COA was not required for 28 U.S.C. § 2255 petitioner to appeal denial of extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(5) because the order "plainly did not 'dispose of the merits'" (quoting *Harbison*, 556 U.S. at 183)). We therefore deny his request for a COA as unnecessary.

However, Mr. Churchwell's opening brief never mentions the district court's denial of his request for an extension of time, or offers any reason we should reverse it. Instead, he argues the merits of his Fifth Amendment claim and raises other challenges to the alleged unlawfulness of his conviction, beyond the claim included in his § 2254 application. Even assuming these issues might have been relevant in an appeal from the order denying his § 2254 application, they lie outside the limited scope of this appeal. *See Allender*, 439 F.3d at 1239; *see also Estrada v. Smart*, 107 F.4th 1254, 1271 (10th Cir. 2024) ("[W]e deem arguments that litigants fail to present before the district court but then subsequently urge on appeal to be forfeited." (internal quotation marks omitted)), *cert. denied*, No. 24-857, 2025 WL 2823710 (U.S. Oct. 6, 2025).

By not making any argument related to the district court's denial of his request for an extension of time, Mr. Churchwell has waived any challenge to that ruling. *See United States v. Woodmore*, 135 F.4th 861, 877 (10th Cir. 2025) ("Under the doctrine of appellate-briefing waiver, a litigant may waive appellate review of an issue by not arguing it—or arguing it in an inadequate manner—in [his] opening brief." (internal

3

quotation marks omitted)).  And, as we have explained, we lack jurisdiction to review any other issues or rulings in this appeal.

We therefore affirm.  We deny Mr. Churchwell's motion to appoint counsel.  We grant Mr. Churchwell's Motion for Leave to Proceed *in Forma Pauperis*.

Entered for the Court

Bobby R. Baldock
Circuit Judge