24-3009-pr
*Griffin v. LaManna*

# United States Court of Appeals
## For the Second Circuit

---

August Term 2025

Argued: November 18, 2025

Decided: April 29, 2026

No. 24-3009-pr

---

GARY GRIFFIN AKA G-MONEY,

*Petitioner-Appellant,*

v.

JAMIE LAMANNA,

*Respondent-Appellee.*

---

Appeal from the United States District Court

for the Northern District of New York

No. 19-cv-155

Brenda K. Sannes, *Chief Judge.*

---

Before:     LIVINGSTON, *Chief Judge*, and RAGGI and PARK, *Circuit Judges.*

Gary Griffin, a New York state prisoner, filed an unsuccessful federal habeas corpus petition under 28 U.S.C. § 2254. After the district court (Sannes, *C.J.*) denied his petition, Griffin failed to meet the deadline to file an appeal under Federal Rule of Appellate

Procedure 4(a). He moved for an extension of time under Rule 4(a)(5), which the district court also denied. Griffin now seeks to appeal the denial of his Rule 4(a)(5) motion, but he may not do so without first obtaining a certificate of appealability. This is because the district court's decision concluded the habeas proceeding, making it a "final order" under 28 U.S.C. § 2253(c)(1)(a). And we decline to issue a certificate of appealability here because reasonable jurists would not find it debatable whether the district court abused its discretion in denying Griffin's Rule 4(a)(5) motion. We thus lack jurisdiction and **DISMISS** Griffin's appeal.

————

JASPER L. MILLS, ESQ., Schenectady, NY, *for Petitioner-Appellant*.

PAUL B. LYONS, Assistant Attorney General, *for* Letitia James, Attorney General of New York, New York, NY, *for Respondent-Appellee*.

————

PARK, *Circuit Judge*:

Gary Griffin, a New York state prisoner, filed an unsuccessful federal habeas corpus petition in the United States District Court for the Northern District of New York under 28 U.S.C. § 2254. After the district court denied his petition, Griffin failed to meet the deadline to file an appeal under Federal Rule of Appellate Procedure 4(a). He moved for an extension of time under Rule 4(a)(5), which the district court also denied. Griffin now seeks to appeal the denial of his Rule 4(a)(5) motion, but he may not do so without first obtaining a certificate of appealability. This is because the district court's decision concluded the habeas proceeding, making it a "final order" under 28 U.S.C. § 2253(c)(1)(a). And we decline to issue a certificate of appealability here because reasonable jurists would not find it

2

debatable whether the district court abused its discretion in denying Griffin's Rule 4(a)(5) motion. We thus lack jurisdiction and dismiss Griffin's appeal.

## I. BACKGROUND

Gary Griffin is a New York state prisoner convicted of first-degree murder, conspiracy, intimidation of a victim or witness, tampering with a witness, criminal possession of a weapon, and criminal facilitation. He is serving a life sentence without the possibility of parole.

Griffin filed a federal habeas corpus petition under 28 U.S.C. § 2254 challenging his convictions. On April 30, 2024, the district court denied Griffin's petition on the merits and declined to issue a certificate of appealability ("COA"). Under Federal Rule of Appellate Procedure 4(a)(1)(A), his deadline to appeal from the denial of the petition was May 30, 2024.

Griffin missed that deadline and instead filed a notice of appeal on June 21, 2024,[1] along with a motion for an extension of time to appeal under Rule 4(a)(5). That motion asserted that (1) Griffin's counsel did not learn of the district court's judgment for several weeks because the law firm staff responsible for receiving court documents were out of the office; (2) when counsel learned of the district court's decision, he was incorrectly informed that Griffin had already received the decision; and (3) counsel was unable to contact Griffin until June 21, 2024. Griffin argued that these circumstances amounted to "excusable neglect" under Rule 4(a)(5)(A)(ii).

The district court denied the motion and declined to issue a COA, concluding that Griffin failed to demonstrate excusable neglect

---

[1] Griffin's appeal from the district court's denial of his habeas petition is stayed pending resolution of this appeal.

because his counsel's actions were, at best, run-of-the-mill attorney errors.  Griffin timely appealed from the denial of the Rule 4(a)(5) motion.[2]

## II. DISCUSSION

The government argues that a COA must issue before this Court may review Griffin's appeal from the denial of his Rule 4(a)(5) motion.  We agree and decline to issue one because reasonable jurists would not find it debatable whether the district court abused its discretion in denying Griffin's Rule 4(a)(5) motion.[3]

A.      The COA Requirement

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A).[4]  In *Eltayib v. United States*, 294 F.3d 397 (2d Cir. 2002), we applied this requirement to dismiss an appeal from the denial of a Rule 4(a)(6) motion to reopen the time to appeal.  *See id.* at 399.  The first issue before us is whether *Eltayib* was abrogated by the Supreme Court's subsequent decision in *Harbison v. Bell*, 556 U.S. 180 (2009).  It was not.

---

[2] Griffin appeared to request a COA in his opening brief, but then argued in his reply brief that there is no "requirement for a COA in this context."  Reply Br. at 22.

[3] We consider only the arguments and facts Griffin presented to the district court.  "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."  *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (cleaned up).

[4] A habeas petitioner's failure to obtain a COA is a jurisdictional bar to appellate review.  *See Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012).

To begin, we held in *Eltayib* that a COA is required before a habeas petitioner may appeal from the denial of a Rule 4(a)(6) motion. *See* 294 F.3d at 399. Looking to the plain text of § 2253(c)(1)(A), we read the phrase "final order" to include any "'final decision' appealable pursuant to 28 U.S.C. § 1291." *Id.*; *see also Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (holding that the denial of a motion under Federal Rule of Civil Procedure 60(b) is a "final order" under 28 U.S.C. § 2253). We concluded that the denial of a Rule 4(a)(6) motion was a "final decision" under 28 U.S.C. § 1291, so "a [COA] is required to challenge such an order." *Eltayib*, 294 F.3d at 399.

Subsequently, in *Harbison*, the Supreme Court considered an appeal from an order denying a habeas petitioner's motion to permit counsel to represent him in state clemency proceedings after the district court had denied his habeas petition. *See* 556 U.S. at 182-83. Although the "denial of Harbison's motion . . . was clearly an appealable order under 28 U.S.C. § 1291," the Court held that it was not subject to the COA requirement because § 2253 "governs *final orders that dispose of the merits* of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention." *Id.* at 183 (emphasis added). And "[a]n order that merely denies a motion to enlarge the authority of appointed counsel . . . is not such an order." *Id.*

Griffin argues that *Harbison* abrogated *Eltayib*, so he does not need a COA to proceed in this appeal. He contends that the denial of a Rule 4(a) motion is not a "final order[] that dispose[s] of the merits of a habeas corpus proceeding," *Harbison*, 556 U.S. at 183, because such a denial concerns a procedural matter "separate and distinct from [the] underlying" habeas petition, Reply Br. at 21. The government contends that the question is not "whether the relevant order addresses the substance of petitioner's underlying claims, but

5

. . . whether, as here, the order had the effect of finally concluding the habeas proceeding." Gov't Br. at 16. We agree with the government.

First, we read *Harbison* in light of the COA requirement's gatekeeping function. *Cf. Banister v. Davis*, 590 U.S. 504, 512 (2020) (interpreting AEDPA's bar on second-or-successive petitions in light of "AEDPA's own purposes"). The COA requirement screens out unmeritorious habeas appeals by conditioning appellate review on a threshold showing that a claim "deserve[s] encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2009) (cleaned up); *see also Thaler*, 565 U.S. at 145. Notably, a petitioner must obtain a COA regardless of whether the district court denied his habeas petition on substantive or procedural grounds. *See Slack*, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a petitioner must demonstrate that both the claim of procedural error *and* the underlying constitutional claim have arguable merit before an appeal may be taken. *Id.* at 484-85. So even if a district court erroneously denies a petition on purely procedural grounds, an appellate court may nonetheless decline to entertain an appeal if the petitioner failed to "state[] a valid claim of the denial of a constitutional right." *Id.* at 484.

In light of the gatekeeping purpose of the COA requirement, the better reading of *Harbison* is that it distinguished "final orders that conclude the habeas proceeding itself from those orders that merely resolve a collateral issue." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 282 (3d Cir. 2021) (cleaned up). That is because an appeal from an order that concludes the proceeding will determine whether a habeas case "proceed[s] further." *Slack*, 529 U.S. at 484. Here, for instance, the district court's denial of Griffin's Rule 4(a)(5) motion barred him from pursuing his habeas case on appeal. A successful appeal from that denial would restore the possibility of pursuing his

6

habeas petition, so it makes sense to consider at the outset whether his petition has arguable merit rather than to engage in piecemeal appellate review. *See Eltayib*, 294 F.3d at 399-400; *cf. Banister*, 590 U.S. at 516-17; *Gonzalez v. Crosby*, 545 U.S. 524, 535 n.7 (2005) (noting that requiring a COA to appeal from the denial of a Rule 60(b) motion for relief from judgment is a "plausible and effective screening requirement"). In *Harbison*, by contrast, a favorable decision on the petitioner's request for representation in state clemency proceedings could not have affected the disposition of his habeas petition or otherwise brought him closer to obtaining relief. *See United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015). Under those circumstances—where an appeal is taken from an order entirely collateral to the underlying habeas proceeding—conditioning review on a merits showing would not serve the COA requirement's gatekeeping function.

Second, our post-*Harbison* decisions likewise have applied *Harbison*'s exception only to collateral orders. For instance, in *Illaramendi v. United States*, 906 F.3d 268 (2d Cir. 2018), we held that a COA is not required to appeal from the denial of bail because it is not "a final disposition of the habeas proceeding." *Id.* at 270. And in *Lasher v. United States*, 970 F.3d 129 (2d Cir. 2020), we held that a COA is not required to appeal from a district court's denial of a COA "[b]ecause the decision to deny a [COA] does not end litigation on the merits." *Id.* at 132 (noting that an "applicant [may] seek a [COA] from a circuit judge in the event of a denial by the district court"). Like the order denying expanded representation in *Harbison*, an order denying bail and an order denying a COA do not "dispose of the merits" of the underlying habeas petition because they do not implicate a petitioner's ability to obtain habeas relief—not because they deal with a procedural matter. By contrast, as noted above, an order denying a motion under Rules 4(a)(5)-(6) *is* dispositive of the merits of a habeas

proceeding because it precludes further litigation before an appellate court.

Third, the Supreme Court's decision in *Slack* gives us further reason to doubt that *Harbison* distinguishes between "orders that *do* conclude proceedings based on whether the disposition was substantive or procedural in nature." *Bracey*, 986 F.3d at 282. District courts routinely deny habeas petitions on procedural grounds. Even though such orders say nothing about a petition's merits, *Slack* held that a COA is nonetheless required before an appeal of such an order may be taken. 529 U.S. at 484. It is doubtful that "in *Harbison* the Supreme Court *sub silentio* overruled its holding in *Slack*," so we find Griffin's characterization implausible.[5] *Hamilton v. Sec'y, Fla. Dep't of Corrs.*, 793 F.3d 1261, 1265 (11th Cir. 2015). It is more likely that *Harbison* excepted orders that "merely resolve a collateral issue" from

---

[5] The Fourth and Sixth Circuits have concluded that a COA is required only when an appeal is taken from an order substantively resolving a habeas claim. *See Mizori v. United States*, 23 F.4th 702, 705 (6th Cir. 2022) (holding that a COA is not required to appeal from the denial of a Rule 4(a)(5) motion because it "sa[ys] nothing about the merits of [the] underlying [habeas petition]"); *United States v. McRae*, 793 F.3d 392, 399-400 (4th Cir. 2015). In our view, those courts overread *Harbison*. As the Supreme Court has emphasized, "[t]he term 'on the merits' has multiple usages." *Gonzalez*, 545 U.S. at 532 n.4; *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001) (noting the term's "possibly misleading connotations" (cleaned up)). Depending on the context, decisions "on the merits" may well refer to judgments "that do *not* pass upon the substantive merits of a claim." *Semtek*, 531 U.S. at 502-03 (concluding that "adjudication upon the merits" in Federal Rule of Civil Procedure 41(b) refers merely to a dismissal that bars a litigant from refiling a claim in the same court). Relying solely on what *Harbison* "plainly say[s]," *Mizori*, 23 F.4th at 705, is thus an inadequate interpretive approach. The context indicates that *Harbison* did not use the term "on the merits" to refer to a substantive resolution of a habeas claim.

the COA requirement, not those that "conclude the habeas proceeding." *Bracey*, 986 F.3d at 282.

We thus conclude that *Eltayib* remains good law and that *Harbison*'s exception to the COA requirement does not apply to orders that conclude a habeas proceeding like the denial of a Rule 4(a)(5) motion. Consequently, Griffin must demonstrate his entitlement to a COA before we may consider his appeal.

B.     <u>Griffin Is Not Entitled to a COA</u>

"We review a district court's refusal to grant an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) for abuse of discretion." *Alexander v. Saul*, 5 F.4th 139, 146 (2d Cir. 2021). To obtain a COA in an appeal from the denial of a Rule 4(a)(5) motion, a petitioner must show, at minimum, that "jurists of reason would find it debatable whether the district court abused its discretion in denying" the Rule 4(a)(5) motion. *Eltayib*, 294 F.3d at 399. "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (cleaned up).

Rule 4(a)(5) permits a district court to "extend the time to file a notice of appeal" if the party seeking an extension "shows excusable neglect or good cause." "The burden of proving excusable neglect lies with the late-claimant." *Saul*, 5 F.4th at 148 (cleaned up). "In deciding whether a movant has carried this burden, courts consider the four factors set forth by the Supreme Court in *Pioneer* [*Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993)]: '[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4]

9

whether the movant acted in good faith.'" *Saul*, 5 F.4th at 148 (cleaned up). This Court applies "dispositive weight" to the third factor. *Id.* at 149.

We conclude that Griffin is not entitled to a COA because no reasonable jurist would find it debatable whether the district court abused its discretion in denying Griffin's Rule 4(a)(5) motion.

First, the district court correctly concluded that Griffin did not meet the third *Pioneer* factor. Before the district court, Griffin's counsel attributed the delay to "a misunderstanding of this writer based upon misrepresentations made, the overlapping absences of support staff as well as the inability to contact the Petitioner in order to discuss his intentions." App'x at 107. But "absent extraordinary circumstances, attorney inadvertence is not excusable neglect."[6] *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007). Griffin's counsel's late receipt of the judgment due to misunderstandings and staffing issues is not an extraordinary circumstance that might otherwise excuse his neglect. *See In re WorldCom, Inc.*, 708 F.3d 327, 338-41 (2d Cir. 2013) (counsel's failure to receive notice of a judgment because he did not keep his ECF profile current did not constitute excusable neglect); *cf. United States v. Hooper*, 43 F.3d 26, 28-29 (2d Cir. 1994) (a legal assistant's failure to meet a filing deadline because she misunderstood a clear rule establishing the deadline did not constitute excusable neglect).

---

[6] In the post-conviction context, a prisoner bears the risk of counsel's negligence or inadvertence, *cf., e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), unless the attorney's error amounts to an "effective abandonment of the attorney-client relationship," *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (cleaned up). Griffin's counsel's failure to meet a filing deadline and his subsequent attempt to cure the error plainly do not constitute such abandonment.

Griffin's counsel also contended that prison delays and a busy caseload prevented him from meeting with Griffin in advance of the appeal deadline to determine whether he wished to appeal. Again, difficulties in communicating with prisoner-clients and needing to attend to other obligations are hardly unusual occurrences for defense attorneys. In any event, we agree with the government that Griffin's counsel "could have easily filed a protective notice of appeal pending his efforts to discuss the matter further with his client." Gov't Br. at 33. So even if we were to credit all of Griffin's counsel's arguments, they would still not excuse his untimely filing.

 Second, Griffin's contention that the district court failed to consider all the *Pioneer* factors is without merit. The district court expressly listed each of the *Pioneer* factors in its order but noted that it would "concentrate primarily on the third factor." D. Ct. Dkt. 55, at 5. That was proper under our precedent according the third factor "dispositive weight." *Saul*, 5 F.4th at 149; *see, e.g.*, *Aksman v. Greenwich Quantitative Rsch. LP*, No. 21-2916, 2023 WL 6799770, at *1 (2d Cir. Oct. 16, 2023) (rejecting claim that district court failed to consider each *Pioneer* factor when the district court "expressly listed each factor" and focused on the third factor).

Griffin has thus failed to demonstrate his entitlement to a COA in this appeal, so we decline to issue one and dismiss his appeal for lack of jurisdiction. *See Eltayib*, 294 F.3d at 400.

### III. CONCLUSION

For the foregoing reasons, we conclude that a COA is required to appeal an order denying a Rule 4(a)(5) motion to extend the time to appeal the denial of a habeas petition. We decline to issue one here because Griffin has failed to demonstrate that reasonable jurists would disagree as to whether the district court abused its discretion

11

in denying his Rule 4(a)(5) motion. The appeal is accordingly dismissed for lack of jurisdiction.[7]

---

[7] In addition, Griffin's motion for clarification and the government's motion to strike are dismissed as moot.